UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATHERINE MARIE KENNEDY STEEN, *pro se*, | Case No. 07-15121 |
| Plaintiff, | HONORABLE ARTHUR J. TARNOW<br>UNITED STATES DISTRICT JUDGE |
| v | MONA K. MAJZOUB<br>MAGISTRATE JUDGE |
| U.S. STORAGE, *et al.*, | |
| Defendants. | |

## **ORDER OF DISMISSAL**

This matter comes before the Court on the Plaintiff's Application to Proceed *in forma pauperis* [DE 2]. Having reviewed Plaintiff's Complaint, this Court is DISMISSING the Complaint pursuant to 28 U.S.C.A § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(1). While Plaintiff's *pro se* complaint should be liberally construed, *see Franklin v. Rose*, 765 F.2d 82, 84 (6th Cir.1985) (*per curiam*), this Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and has failed to allege facts which would support a finding of subject matter jurisdiction.

Section 1915(e) permits a court to screen complaints brought *in forma pauperis*. It states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." *Brown v. Bargery*, 207 F.3d 863, 866 n.2 (6th Cir. 2000) (quoting 28 U.S.C.A § 1915(e)(2)).

"[A] complaint should be dismissed as frivolous only if it lacks an arguable basis in law or fact." *Id*. at 866 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). It meets that criteria if the legal theories supporting its claims are claims are "indisputably meritless." *Id*.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, Plaintiff's factual allegations appear to be that Defendant storage company stole Plaintiff's property stored on its site. She brought suit on these facts in state court, in the 68th District Court. Defendant Bashore appears to be an attorney in that underlying case.

Plaintiff's Complaint in this Court alleges numerous state causes of action, including Intentional Infliction of Emotional Distress, and "Civil Tort" of $25,000. It asserts that the Thirteenth and Fourteenth Amendment "forbid condemnation without hearing." The suit also appears to appeal the decision or order of the 68th district court.

No legal theory of any merit supports Plaintiff's claims. Defendants are not state actors, so Plaintiff's eminent domain claims fail. No subject matter jurisdiction supports any of Plaintiff's remaining claims, so supplemental jurisdiction may not be found for her state claims. *See* 28 U.S.C.A § 1367. Finally, depending on the status of the underlying state court proceedings, either *Younger* abstention is appropriate, or *Rooker-Feldman* divests this court of jurisdiction. *See Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (*Younger* abstention applies to "on-going state judicial proceedings"); *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) ("The *Rooker-Feldman* doctrine prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts.").

For the reasons stated above, Plaintiff's Complaint is devoid of merit, and fails to state any claim upon which this Court may grant relief. However, because Plaintiff's Application and supporting affidavit indicates that she is entitled to *in forma pauperis* status,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* be GRANTED.

IT IS FURTHER ORDERED that this case be DISMISSED.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: January 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 15, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager